IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEFF M. GRACE,<br><br>        **Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>**Acting Commissioner of Social Security,**<br><br>        **Defendant.** | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:12-cv-874-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Jeff M. Grace's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claim Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff alleges disability based upon severe back pain. On August 25, 2008, Plaintiff applied for SSI, alleging disability beginning on May 16, 2005.[2] Plaintiff's applications were denied initially and upon reconsideration.[3] On December 16, 2009, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[4] The ALJ conducted administrative hearings on January 7, 2011,[5] and April 5, 2011.[6] On April 15, 2011, the ALJ issued a written decision denying Plaintiff's claim for SSI.[7] On August 1, 2012, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

---

[2] *See* docket no. 10, Administrative Record ("Tr. ____") 235-241.

[3] *See* Tr. 64-67.

[4] *See* Tr. 84-86.

[5] *See* Tr. 57-63.

[6] *See* Tr. 40-56.

[7] *See* Tr. 20-39.

[8] *See* Tr. 1-6.

On September 13, 2012, Plaintiff filed his complaint in this case, which was assigned to Chief District Judge Ted Stewart.[9] The Commissioner filed her answer on November 8, 2012,[10] and the court received the Administrative Record the same day.[11]

On November 15, 2102, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[12] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[13]

Plaintiff filed his opening brief on February 9, 2013.[14] The Commissioner filed her answer brief on March 20, 2013.[15] Plaintiff filed his reply brief on March 30, 2013.[16]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[9] *See* docket no. 2.

[10] *See* docket no. 9.

[11] *See* docket no. 10.

[12] *See* docket no. 13.

[13] *See id.*

[14] *See* docket no. 16.

[15] *See* docket no. 18.

[16] *See* docket no. 19.

standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and

> makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred at step three of the sequential evaluation process. As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must establish that his impairment "meet[s] *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007); *see also* 20 C.F.R. § 416.925.

In this case, the ALJ determined at step three that Plaintiff's impairments did not meet or equal section 1.04 of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.04. Listing 1.04, which deals with disorders of the spine, requires a claimant to demonstrate one of several disorders of spine and establish the requirements of paragraph A, B, or C. *See id*. at listing 1.04(A)-(C).

Plaintiff asserts that the ALJ erred in his step three determination because the record contains a report from Dr. David Mehr ("Dr. Mehr") that establishes all of the requirements for paragraph A of listing 1.04. Plaintiff does not present arguments concerning paragraph B or C. Paragraph A of listing 1.04 requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." *Id*. at listing 1.04(A)

Because Plaintiff's condition involved his lower back, he was required to demonstrate the final element of paragraph A, a positive straight-leg raising test. The Commissioner argues that Dr. Mehr's report, upon which Plaintiff relies exclusively, does not demonstrate a positive straight-leg raising test.[17] Notably, Plaintiff essentially admits that fact in his opening brief.[18] Given that the sole piece of evidence on which Plaintiff relies does not demonstrate that Plaintiff's impairments satisfy all the requirements of paragraph A, the court must conclude that Plaintiff failed to "provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. § 416.925. Accordingly, the court cannot say that the ALJ erred by concluding that Plaintiff did not satisfy the requirements of paragraph A of listing 1.04.

---

[17] *See* Tr. 592

[18] *See* docket no. 16 at 7.

In addition to arguing that the substance of the ALJ's step three determination was made in error, Plaintiff argues that the form of the determination inadequate.  More specifically, Plaintiff contends that the ALJ failed to provide sufficient reasoning and support for his step three determination.  *See, e.g.*, *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, [the reviewing court] cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any [listing], and whether he applied the correct legal standards to arrive at that conclusion.").  While the court agrees that the ALJ's discussion at step three could have been more detailed, the court concludes that Plaintiff has failed to establish any harmful error for two reasons.  *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross*, 431 F.3d at 733-34 (recognizing applicability of harmless error analysis in Social Security context).

First, although Plaintiff argues that the ALJ's discussion at step three is inadequate, he has not pointed to any evidence in the record indicating that the ALJ's ultimate determination was erroneous.  Indeed, as noted above, the sole piece of evidence that Plaintiff relies upon in making his appellate argument does not demonstrate that the ALJ erred.

Second, it is well settled that even if an ALJ commits an error at step three, it

> does not automatically require remand.  Instead, [the court] must consider whether "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." [*Fischer-Ross*, 431 F.3d at 734].  If such findings "conclusively preclude [a c]laimant's qualification

8

>
> under the listings at step three" such that "no reasonable factfinder could conclude otherwise," then any step three error is harmless. *Id*. at 735. If, however, there are no findings that "conclusively negate the possibility" that a claimant can meet a relevant listing, *see id*., we must remand to the ALJ for further findings, *see Clifton*, 79 F.3d at 1009-10.

*Murdock v. Astrue*, 458 Fed. App'x 702, 703-04 (10th Cir. 2012). The court has reviewed the ALJ's decision and concludes that there are findings made elsewhere that confirm the ALJ's step three determination. The ALJ specifically noted that Dr. Mehr's examination did not demonstrate a positive straight-leg raising test, as required by paragraph A of listing 1.04.[19] *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 1.04(A). Furthermore, the ALJ gave great weight to Dr. Mehr's opinions,[20] and Plaintiff has not challenged that determination.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[19] *See* Tr. 28.

[20] *See* Tr. 30.